<u>**21-mj-**</u> 6187

**AFFIDAVIT OF FBI SPECIAL AGENT MICHAEL D. LITTLE III
IN SUPPORT OF CRIMINAL COMPLAINT**

I, Special Agent Michael D. Little III, being sworn, state as follows:

**INTRODUCTION**

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since January, 2019. I have been assigned to the Metro Boston Gang Task Force of the FBI's Boston Division, where I conduct complex criminal enterprise investigations against violent criminals involved in a myriad of criminal activities to include the illegal distribution of narcotics, firearms trafficking, and associated violent crimes. Prior to joining FBI, I spent five years as a police officer with the Metropolitan Police Department of Washington, D.C., where I worked as an undercover officer and vice investigator. I conducted numerous drug investigations targeting violent criminals and received training on how to conduct drug investigations.

2. Based on my training and experience as a Special Agent, I am familiar with federal narcotics laws. I know that it is a violation of Title 21 U.S.C. § 841(a)(1), for any person to knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. I know that it is a violation of 21 U.S.C. § 846, for any person to conspire to violate the drug laws. I know that it is a violation of 18 U.S.C. §§ 1956 and 1957 to launder money and engage in monetary transactions in property derived from specified unlawful activity. In the course of participating in investigations as it relates to drug trafficking, I have conducted or participated in surveillance; the controlled purchase of illegal drugs; the execution of search warrants; debriefings of subjects, witnesses, and informants; wiretaps; and reviews of consensually recorded conversations and meetings. I have also received training through my position as an FBI Special Agent involving narcotics trafficking.

Through my training, education, and experience, I have become familiar with the manner in which drug traffickers conduct their illegal drug trafficking activity, to include their use of cellular telephones and motor vehicles to contact and meet with drug customers, drug runners, drug associates, and sources of illegal drug supply.

3. I am also familiar with the manners and means commonly employed by drug traffickers and drug trafficking organizations to conduct their illegal activities, including purchasing, manufacturing, storing, and distributing controlled substances, the laundering of illegal proceeds, and the efforts of persons involved in such activities to avoid detection by law enforcement. I am further familiar with the terminology and slang commonly employed by drug traffickers. I have observed and examined cocaine, cocaine base ("crack"), heroin, and fentanyl, as well as other controlled substances. I am aware of the street prices for these substances, the methods of packaging, and the jargon used in the drug trade.

## PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of a Criminal Complaint charging OMARI PETERSON ("PETERSON"), date of birth xx/xx/1982, with violating Title 21, United States Code, Section 841(a)(1) (possessing with intent to distribute, and distributing, cocaine base and cocaine).

5. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by agents of the FBI and other federal, state and local law enforcement agencies.

6. I submit this affidavit for the limited purpose of establishing probable cause to believe PETERSON has committed the above offense. Accordingly, I have not included each and

every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## THE INVESTIGATION

7.      Since January 2021, members of the FBI and the Boston Police Department ("BPD") have been investigating drug trafficking by PETERSON in the Boston area of Massachusetts. This investigation has revealed that PETERSON is actively selling crack cocaine, amongst other narcotics, in the Boston area, at least as early as January, 2021.

8.      During this investigation, PETERSON has met an FBI cooperating witness ("CW-1") [1] at predetermined locations, where he has sold crack cocaine and cocaine to CW-1.

## CONTROLLED PURCHASE ON FEBRUARY 18, 2021

9.      On February 18, 2021 investigators conducted a controlled purchase of cocaine from PETERSON, using CW-1, who had been communicating with PETERSON in the preceding 24 hours through a series of phone calls and text messages. During these communications, PETERSON agreed to sell CW-1 a half of an ounce of crack cocaine for $800. CW-1 coordinated the transaction through this series of communications with PETERSON's phone.

10.     After these communications between PETERSON and CW-1 concluded, law enforcement officers utilized a standard set of procedures whereby they searched CW-1 for contraband with negative results. Law enforcement officers provided CW-1 with an agreed-upon amount of official agency funds ("OAF") to complete the drug purchase. CW-1 was also provided

---

[1] CW-1 has a criminal history that includes prior arrests for assault and battery with a dangerous weapon, breaking and entering, and distribution of Class A. On previous occasions, CW-1 has accurately identified, and corroborated events and individuals involved in active criminal investigations, including drug and firearm investigations. At the direction of law enforcement, the CW-1 has conducted controlled purchases of evidence in conjunction with criminal investigations. CW-1's cooperation is financially motivated and CW-1 is being paid for her/his services and information provided. Based on the corroboration, I believe that CW-1's information is reliable.

with an audio/video recording device and a transmitter, which recorded the controlled purchase. Law enforcement officers then surveilled CW-1 to the pre-arranged meeting location.

11.     While under the direction and physical surveillance of law enforcement officers, CW-1 met with PETERSON in a public place in Boston, MA.  When PETERSON arrived, CW-1 entered the motor vehicle PETERSON had arrived in and handed U.S. currency to PETERSON in exchange for (3) clear plastics bag containing an off-white, rock-like substance and (1) clear plastic bag containing an off-white powdered substance. After the transaction, CW-1 exited the motor vehicle and PETERSON then drove away from the area in the motor vehicle.

12.     After CW-1 left the meeting location, law enforcement officers surveilled CW-1 to a predetermined location.  During the debriefing of CW-1, agents learned that during the transaction, PETERSON sold crack cocaine and powder cocaine to CW-1, in exchange for the OAF. At this point, CW-1 provided law enforcement officers with a several clear plastic bags. Law enforcement officers then searched CW-1 again, with negative results.

13.     On this date, PETERSON delivered approximately 10.5 grams of suspected crack cocaine and approximately 2.2 grams of suspected powder cocaine in exchange for $800.  The (3) clear plastic bags of an off-white rock-like substance and the (1) clear plastic bag containing an off-white powdered substance all field tested positive for the presumptive presence of cocaine. Based on my training and experience, as well as that of other agents familiar with this investigation, the off-white rock-like substance appeared to be cocaine base, also known as "crack cocaine," and the off-white powdered substance appeared to be cocaine, respectively.  Additionally, I believe this based on various factors, including the information learned during the course of this investigation and the packaging, size, shape & color of the substances.  The suspected crack

cocaine and cocaine have been sent to the Drug Enforcement Administration, Northeast Laboratory for additional testing.

## CONCLUSION

14. Based on the foregoing, there is probable cause to believe that on February 18, 2021, PETERSON did knowingly and intentionally possess with intent to distribute, and distribute, cocaine base and cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

I declare the foregoing is true and correct.

/s/ Michael D. Little III
_____
Michael D. Little III
SPECIAL AGENT, FBI

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on this __ day of March, 2021.

March 5, 2021

M. PAGE KELLEY
UNITED STATES CHIEF MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS